CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 25 2009

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NICHOLAS J. QUEEN,<br>Petitioner, | Civil Action No. 7:09-cv-00173 |
| v. | **MEMORANDUM OPINION** |
| TERRY O'BRIEN,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Nicholas J. Queen, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner alleges that he is unlawfully incarcerated due to an error in his transfer between state and federal custody. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion and dismiss the petition.

I.

Petitioner alleges the following facts. Petitioner "challenges the information maintained in petitioner's central file . . . resulting in a non-statutory confinement." (Pet. 2.) The Federal Bureau of Prisons ("BOP") committed petitioner to the United States Penitentiary in Lewisburg, Pennsylvania on October 24, 1994, to serve a 562-month sentence for two bank robbery convictions. (Id. 3.) A federal inmate systems manager requested permission to discontinue petitioner's federal sentence on December 5, 1994, and to transfer petitioner back into Maryland custody to serve a state sentence. (Id. 4.) The systems manager believed that petitioner's federal sentence began prematurely because the United States Marshal Service removed petitioner from state custody for federal prosecution via a writ of habeas corpus ad prosequendum and, therefore, did not have legal custody to place him with the BOP and begin his federal sentence. As a result, the BOP transferred petitioner to state custody on December 16, 1994, and petitioner completed

his state sentence on April 5, 1995. The BOP received physical custody of petitioner without a court order following the expiration of his state sentence.

"Since then, petitioner has been in a [dilemma] with federal prison officials seeking relief of his wrongful imprisonment" because prison officials rely on incorrect information within petitioner's central file. (Id. 5.) Petitioner wants to provide names of people to contact regarding the "challenged information . . . regarding whether petitioner was in federal custody pursuant to a writ executed by U.S. Marshals." Petitioner argues that the inclusion of the incorrect information in his central file resulted in the improper calculation of his federal term. Petitioner requests that I order his release from "unlawful incarceration" where prison officials can not provide him a record of the United States District Court of Maryland's writ of habeas corpus ad prosequendum issued to the U.S. Marshals. (Id. 8.)

Respondent attached records to his motion to dismiss that includes a docket sheet from Queen v. Warden Scott Dodrill, No. 3:03-cv-00290 (M.D. Pa.), a memorandum opinion and order by the Honorable United States District Judge Conaboy dismissing Queen's § 2241 petition in 3:03-cv-00290 as successive, and a Third Circuit Court of Appeals unpublished opinion, Queen v. Federal Bureau of Prisons, 179 Fed. App'x. 838 (3d Cir. May 8, 2006), that reviewed petitioner's prior § 2241 petitions that were all dismissed under the abuse of the writ doctrine.

Petitioner responded to the respondent's argument by alleging that the current petition litigates a new claim not found in his other petitions. Petitioner couches his § 2241 petition as seeking relief from custody because the BOP's fails to comply with Prison Policy Statement No.

068-93 (5820) "Maintenance of Inmate Files."[1] (Pl.'s Resp. (docket #13) 3.)

II.

A habeas petitioner may seek judicial review of the execution of his sentence by filing a petition for a writ of habeas corpus in the district court with jurisdiction over the facility in which he is confined and demonstrating that he is confined in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). However, the "doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." McCleskey v. Zant, 499 U.S. 467, 470 (1991).[2] See 28 U.S.C. § 2244(a) (stating a district court is not required to review detention after a district court previously determined the legality of the same detention). The government bears the initial burden of pleading abuse of the writ, and if it meets this burden, the petitioner must show cause and prejudice or a fundamental miscarriage of justice to excuse a failure to raise the claim earlier. McCleskey, 499 U.S. at 494-95. See Murray v. Carrier, 477 U.S. 478, 491 (1986); Miller v. Bordenkircher, 764 F.2d 245, 250 n.5 (4th Cir. 1985) (discussing abuse of the writ doctrine in the context of 28 U.S.C. § 2254). "To excuse an abuse of the writ, a successive habeas petitioner

---

[1] Even if I were to construe petitioner's claims as distinct from a habeas petition, the present claim would still fail because petitioner does not identify any errors or provide any indication that the BOP has incorrect information. Rather, petitioner merely speculates that the BOP record may contain correct information and BOP officials frustrate his ability to correct any unknown errors. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating labels and conclusions are insufficient to state a claim upon which relief may be granted).

[2] The abuse of the writ doctrine was not supplanted by the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which prohibits second or successive habeas petitions which raise matters already adjudicated in a previous petition, and requires second successive petitioners raising new claims to be authorized by the appropriate court of appeals. See 28 U.S.C. §§ 2244(b), 2255; Zayas v. INS, 311 F.3d 247, 252-53 (3rd Cir. 2002); Mendez v. United States, No. 04-HC-90-FL, 2004 U.S. Dist. LEXIS 30249, 2004 WL 3327911, *2 n.1 (E.D.N.C. 2004).

must show either cause and prejudice, or probable actual innocence." LaRette v. Bowersox, 70 F.3d 986, 987 (8th Cir. 1995). In order to satisfy the "cause" requirement, a petitioner must show that some external impediment prevented him from presenting his claim in a timely and procedurally proper manner. See Noble v. Barnett, 24 F.3d 582, 586 (4th Cir. 1994). The cause inquiry focuses on whether the petitioner was prevented from including a particular claim in his most recent petition. See id. (holding that the claims presented in applicant's third habeas petition were barred by the abuse of the writ doctrine because applicant "had full knowledge of the facts central to each of these claims at the time that he filed his second petition for a writ of habeas corpus"). See Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995) (stating reviewing other "cause and prejudice" prong unnecessary when petitioner fails to establish the other). Respondent raised abuse of the writ for all of petitioner's claims.

To the extent petitioner seeks to compel BOP officials to conform to BOP policies, his claims and relief are not cognizable in a habeas corpus proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). Therefore, I consider his remaining claims under the repetitive petition doctrine for § 2241 petitions.

In 2006, the Third Circuit Court of Appeals noted that:

> From 1998 to 2003, Queen filed two § 2241 petitions and a Rule 60(b) motion, all of which contended that he was being illegally held in federal custody resulting in part from the federal government's administrative error in failing to return him immediately to the custody of the state of Maryland after he was tried and convicted of federal charges in 1994. We affirmed the District Court's denial of the § 2241 petitions and the Rule 60(b) motion. See Queen v. Romine, 276 F.3d 579 (3d Cir. 2001) (1998 § 2241 petition); Queen v. Romine, 53 Fed. App'x. 227

4

> (3d Cir. 2002) (Rule 60(b) motion); Queen v. Dodrill, 112 Fed. App'x. 867 (3d
> Cir. 2004) (successive § 2241 petition).
>
> * * *
>
> Yet again, Queen seeks to be released from allegedly unlawful restraint on
> essentially the same grounds that he has articulated in prior unsuccessful § 2241
> petitions. He claims that federal prison officials violated his constitutional rights
> when they "re-imprisoned" him in April 1995. He also contends that in 2003,
> prison officials wrongfully rejected as untimely an administrative grievance
> complaining about an aspect of his alleged illegal transfer to federal custody.

Queen, 179 Fed. App'x. at 838. See Blue Tree Hotels v. Starwood Hotels & Resorts, 369 F.3d 212, 217 (2d Cir. 2004) (stating courts may look to public records to decide a motion to dismiss without converting it into a motion for summary judgment).

The Third Circuit Court of Appeals reviewed de novo the district court's dismissal order for the § 2241 petition as successive, and it affirmed the lower court's decision for "essentially the same reasons." Id. at 839. The Court of Appeals noted that "even if the claims in Queen's § 2241 petition could be construed as "new," they are based on a factual predicate long known to Queen and thus they could have been raised in earlier habeas petitions." Id.

Petitioner attempts to distinguish the action from prior petitions by stating he is only seeking information related to filing a future habeas petition. However, petitioner has repeatedly litigated this claim since 1996, and petitioner's present claim concerning information in his prison record could have been raised in any prior petition since the mistake in his transfer occurred. Therefore, petitioner's present attempt to relitigate facts already known to him for over ten years is an abuse of the writ because these claims already have been adjudicated in petitioner's prior petitions or because the claims are based on a factual predicate known to petitioner at the time he filed previous petitions. Accordingly, I dismiss the petition as an abuse of the writ, pursuant to McCleskey and 28 U.S.C. § 2244(a).

III.

For the foregoing reasons, I grant the respondent's motion to dismiss and strike the action from the active docket of the court.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 25th day of November, 2009.

                                                  Senior United States District Judge